UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

Case Number: 14-62760-CIV-MARTINEZ-GOODMAN

MATTHEW IRVIN,

    Plaintiff,

vs.

CASHMONEY RECORDS, INC., et al.,

    Defendants.
_____/

## ORDER DISMISSING COMPLAINT AND CLOSING CASE

THIS CAUSE came before the Court upon Plaintiff Matthew Irvin's ("Plaintiff['s]") Application to Proceed in District Court Without Prepaying Fees or Costs ("Motion for Leave to Proceed *in Forma Pauperis*" or "Motion") [ECF No. 3]. Plaintiff, a *pro se* litigant, has not paid the required filing fee and, therefore, the screening provisions of 28 U.S.C. § 1915(e) are applicable.

In assessing whether a plaintiff may proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2) (2006) requires a court to dismiss a case at any time if the court determines that the case is frivolous or fails to state a claim on which relief may be granted.

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). Thereunder, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663.

Plaintiff's Complaint fails to meet the standard for plausibility articulated in *Iqbal* and *Twombly*. It does not include sufficient factual matter, accepted as true, allowing the Court to reasonably infer what the claim or claims for relief against Defendants may be. *See Fullman v. Graddick*, 739 F.2d 553, 556-67 (11th Cir. 1984) ("[A] complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."). Nor does it include sufficient factual matter, accepted as true, that allows the Court to reasonably infer that Defendants are liable for any of the misconduct alleged. Even under the relaxed pleading standard afforded to *pro se* litigants, Plaintiff's *pro se* Complaint fails to state a claim for which relief may be granted. *See Abele v. Tolbert*, 130 F. App'x 342, 343 (11th Cir. 2005).

Plaintiff brings this suit against Defendants CashMoney Records, Inc., Untouchable Car Wash, Millionaire Tour Company, Bryan Williams, Money Mack Music, B Williams Enterprise and Ronald Williams (collectively, "Defendants") for

> federal fraud charges as well as civil class action . . . against each of the defendants for fraudulently without [Plaintiff's] acknowledgement [sic] nor consent, misusing [Plaintiff's] personal identity such as social security number, name and date of birth to consent to leasing agreement entitling [Plaintiff] as an incorporated member to each of there [sic] entities.

[ECF No. 1 at 1-2]. Based on these allegations, it is unclear *what* misconduct Defendants are alleged to have committed. Thus, the Court may not reasonably infer that Defendants are liable for any misconduct.

The aforementioned constitutes the entirety of Plaintiff's claims; he cites to no federal law under which he brings his action, nor does he submit any amount of damages in controversy to establish diversity jurisdiction. "Federal courts are of limited jurisdiction that generally can consider only cases that involve federal questions or that meet requirements for diversity jurisdiction." *Fabre v. Bank of Am. Bank, NA*, 523 F. App'x 661, 663 (11th Cir. 2013). Federal question jurisdiction only exists when the plaintiff's action arises under the Constitution, laws, or treaties of the United States. *Id.*; 28 U.S.C. § 1331. A federal court may also exercise diversity jurisdiction over civil actions involving citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Ultimately, the party who invokes the jurisdiction of the court has the burden of establishing jurisdiction. *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1216 (11th Cir. 2007). By filing the action in federal court, therefore, the plaintiff makes a representation that the action belongs before the court. *Id.* Additionally, Federal Rule of Civil Procedure 8(a) requires the plaintiff to set forth in the complaint the factual support for jurisdiction. *Id.* citing Fed. R. Civ. P. 8(a). Accordingly, the burden falls to the plaintiff to establish jurisdiction.

Based on the submissions set forth in Plaintiff's Complaint, this Court cannot determine whether diversity jurisdiction exists. Diversity jurisdiction exists when complete diversity of citizenship exists between the adverse parties *and* the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff. 28 U.S.C. § 1332; *Carden v. Arkoma Assocs.*, 494 U.S. 185, 187 (1990); *MacGinnitie v. Hobbs Group, LLC*, 420 F.3d 1234, 1239 (11th Cir. 2005) (per curiam). Here, Plaintiff does indicate that all Defendants are citizens of any state other than the

State of Florida, the location of Plaintiff's residence. However, Plaintiff does not allege an amount in controversy at all, much less in excess of $75,000. Accordingly, there is no basis to support a finding that Plaintiff meets the requirements for diversity jurisdiction.

Further, Plaintiff has failed to demonstrate that either federal question or subject matter jurisdiction exists. Plaintiff has failed to plead any action arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. Accordingly, federal question jurisdiction does not exist either.

Neither federal question jurisdiction nor diversity jurisdiction exists here. Accordingly, Plaintiff's Complaint is **DISMISSED** with prejudice. The Clerk shall **CLOSE** this case. All pending motions are **DENIED AS MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 9 day of December, 2014.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Goodman
All Counsel of Record